UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TONY CARZELL GREEN,<br><br>　　　　　Defendant. | CASE NO. CR98-5067BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RE-SENTENCING |

This matter comes before the Court on Defendant's Motion for Re-Sentencing (Dkt. 156). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Green was sentenced on July 18, 1998, after a jury found Defendant guilty of a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Dkt. 114.  At the time of the verdict, Defendant had been convicted of two prior felony drug offenses (Pierce County Cause No. 91-1-03273-6 and Pierce County Cause No. 95-1-04947-0).

At sentencing, the Court found that Defendant's adjusted offense level was 36 (base level of 34 for the specific offenses with a two level enhancement for possession of

ORDER - 1

1 a weapon). Defendant, however, qualified as a career offender because of his prior felony
2 drug convictions. Under § 4B1.1 of the Sentencing Guidelines, Defendant's offense level
3 depended upon the maximum sentence proscribed in the statute that he violated. Under
4 21 U.S.C. § 841(b), any person who violates part (a) of that section shall be sentenced as
5 follows:

> If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and *not more than life imprisonment* . . . .

21 U.S.C. § 841(b)(emphasis added). Defendant faced a statutory maximum imprisonment term of life.

Under § 4B1.1, a life statutory maximum sentence correlates to an offense level of 37 based on the table provided in that section. Sentencing Guidelines § 4B1.1(b). Moreover, the guideline states that:

> [I]f the offense level for a career offender from the table in this section is greater than the offense level otherwise applicable, the offense level from the table in this section shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

*Id*. Because the offense level in the career offender table (37) exceeded the offense level calculated by the crime and the enhancement (36), the career offender offense level was controlling, as was the career offender criminal history of Category VI. Therefore, Defendant faced a sentencing guideline range of 360 months to life. The Court sentenced Defendant to the low end of that range, 360 months.

Effective November 1, 2007, the United States Sentencing Commission passed Amendment No. 706. Guidelines Manual (2007), Appendix C, Amendment 706. The amendment adjusted downward by two levels the base offense level assigned to each threshold quantity of crack cocaine (Cocaine Base) listed in the Drug Quantity Table in § 2D1.1 and provided a mechanism for determining the Guideline range for offenses involving crack cocaine and other substances. *Id*. As of March 3, 2008, time reductions

ORDER - 2

1  for crack cocaine offenders sentenced prior to November 1, 2007, are authorized pursuant

2  to 18 U.S.C. § 3582(c)(2).  *U.S. v. Ross*, 511 F.3d 1233, 1237 n. 2 (9th Cir. 2008).

3  On March 28, 2008, Defendant, pro se, filed a Motion for Re-Sentencing.  Dkt.

4  156.  On May 5, 2008, the U.S. Attorney responded and Defendant supplemented his

5  motion.  Dkt. 157.  On May 29, 2008, the Court renoted the motion because Plaintiff was

6  represented by counsel.  Dkt. 159.  On June 6, 2008, Plaintiff filed a Supplemental

7  Memorandum in Support of Motion for Re-Sentencing.  Dkt. 160.  On June 12, 2008, the

8  U.S. Attorney responded to the supplemental memorandum.  Dkt. 161.

## II. DISCUSSION

A court may modify an imposed term of imprisonment when:

> in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).  Defendant argues that the terms "based on" have not been defined by the Ninth Circuit and are applicable in this case.  Dkt. 156 at 4-6; Dkt. 160 at 5.  Defendant claims that the Court was required to calculate his base offense level *before* considering whether he qualified as a career offender.  *Id*.  Therefore, Defendant concludes that his term of imprisonment was "based on" the specific cocaine base sentencing range that has been subsequently reduced, even though he was ultimately sentenced as a career offender.  *Id*.

Defendant's argument fails to address the fact that the offense level resulting from the crime and the relevant enhancement criteria became irrelevant once he qualified as a career offender.  Defendant's sentencing range was solely determined by, and "based on," the career offender guidelines, which have not been subsequently reduced.  Therefore, this Court is without jurisdiction to reduce Defendant's sentence.

ORDER - 3

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Re-Sentencing (Dkt. 156) is **DENIED**.

DATED this 8th day of July, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4